IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES LEE WILLIS, | § | |
| Petitioner, | § | |
| v. | § | 2:07-CV-0164 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JAMES LEE WILLIS, a state prisoner confined in the Michael Unit in Anderson County, Texas, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a state prison disciplinary proceeding held at the Clements Unit in Potter County, Texas.[1] For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On December 1, 2006, the date of the disciplinary proceeding which petitioner challenges, petitioner was in respondent's custody pursuant to the following convictions and sentences out of

---

[1] At the time he filed this federal habeas application, petitioner was confined in the Clements Unit in Potter County, Texas.

Dallas County, Texas:

| Offense | Sentence Date | Sentence |
|---|---|---|
| Burglary of a Building | May 2, 2002 | 10-year sentence |
| Evading Arrest - Motor Vehicle | May 2, 2002 | 20-year sentence |
| Evading Arrest - Motor Vehicle | May 2, 2002 | 20-year sentence |
| Engaging in Organized Crime | May 2, 2002 | 25-year sentence |
| Engaging in Organized Crime | May 2, 2002 | 25-year sentence |

Petitioner's sentences were running concurrently with one other. Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings is unnecessary as petitioner complains solely of the December 1, 2006, disciplinary proceeding.

II.
DISCIPLINARY PROCEEDING

On November 29, 2006, petitioner was accused, in Disciplinary Case No. 20070094290 with the Level 2, Code 30.2 offense of "establishing an inappropriate relationship with a staff member." Specifically, petitioner was alleged to have "establish[ed] an inappropriate relationship with (Officer J. Eason) which jeopardizes the security of the agency, and compromises the effectiveness of the employee by transporting unauthorized letters of a sexual nature from locations around the unit to another offender." The offense report, completed by Assistant Warden Sloan, alleged:

> On 11/27/06, a letter was found in the women's restroom located near the Warden's office. The letter was obviously written by a staff member and intended for an offender. An investigation determined that the letter was written by Officer J. Eason and intended for offender Jeffery Griffith #923139. On 11/29/06, I interviewed Officer Eason in regards to the letter. She stated that she brought in letters for approximately two weeks and placed them in various places in common places around the Warden's office. Offender Willis #1104240 [petitioner], who worked as an SSI - front office, would pick up the notes or letters and transport them to offender Griffith. She also stated that [petitioner] would transport letters from Griffith to her on occasion.

During counsel substitute's investigation of the charges, Officer Eason admitted petitioner

transported letters to and from inmate Griffith.  During the investigation and at the hearing, petitioner denied establishing a relationship with Officer Eason, and denied transporting any letters between Officer Eason and inmate Griffith.  Petitioner advised he is routinely strip searched in the area around the warden's office and would have been unable to transport the letters.  Petitioner contended he did not know why Officer Eason would accuse him.

Assistant Warden Sloan, the charging officer, testified at the disciplinary hearing by telephone and stated Officer Eason, during the investigation of the letter found in the restroom, had admitted passing letters to inmate Griffith through petitioner Willis, and from inmate Griffith to the officer, for approximately two (2) weeks.  Sloan also testified "there are only so many offenders that work up here, and the note was placed up on this side of the sally port.  So that pretty well narrows it down."  No written statement from Officer Eason was admitted into evidence at the hearing.  Cross examination established petitioner was never found in possession of any letters, and that inmates were, in fact, strip searched leaving the area around the warden's office.  The hearing officer clarified, however, that Officer Eason specifically and unequivocally named petitioner as the carrier of the letters.

After the hearing, the Hearing Officer found petitioner guilty of the charged offense based on Assistant Warden Sloan's offense report and testimony (noting the conflict between the statements of Officer Eason and petitioner), and assessed punishment to include, as relevant here, the loss of one-hundred eighty (180) days previously accrued good time credits.

Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance arguing there was "insufficient evidence to support the charge" because the only evidence presented was the purported statement from a non-credible witness (Officer Eason – an ex-employee), and that the amount of punishment was excessive.  On June 4, 2007, petitioner's

grievance was denied with the following findings: 1) the charge against petitioner was appropriate, 2) no procedural errors were noted, 3) the case was presented to a fair and impartial hearing officer, 4) a guilty verdict was appropriate based on the evidence presented at the hearing, and 5) the punishment was consistent with the guidelines. Petitioner also filed a Step 2 grievance arguing there was insufficient evidence to support the finding of guilt because the officer's statement was hearsay and thus there was no credible evidence to support the finding. Petitioner's Step 2 grievance was denied February 6, 2007, with the findings that the charging officer was present during the hearing, that there was sufficient evidence presented for a finding of guilt, and petitioner's punishment was within guidelines.

III.
GROUNDS

In his habeas application, petitioner alleges he was denied due process because:

1. The hearing officer failed to independently assess the reliability of the informant (Officer Eason) who submitted the accusatory statement to the charging officer; and

2. There was insufficient evidence to support the finding of guilt.

IV.
MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*,

515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566.

In addressing these types of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Petitioner does not argue he was denied any of the procedural protections outlined above. Instead, he appears to argue he was not guilty of the charged offense and that the evidence was not sufficient to support a finding of guilt. Petitioner's argument fails to provide a basis to overturn the disciplinary conviction and grant federal habeas corpus relief.

Petitioner primarily argues Officer Eason's accusation relayed to Assistant Warden Sloan

could not be used against him in the disciplinary hearing because 1) it was hearsay, 2) was not supported by a written statement from Officer Eason introduced during the hearing, and/or 3) had no corroborating support. Petitioner also maintains Officer Eason's accusation could not be used against him because there was no independent assessment of Eason's reliability.

Hearsay can be, and often is, used in disciplinary proceedings which are not a part of the criminal prosecution process. *See*, *e.g.*, *Choyce v. Cockrell*, 51 Fed.Appx. 483 at *1, 2002 WL 31319342 (5th Cir. 2002) ("the Court does not forbid the use of unsworn hearsay statements in prison disciplinary hearings"); *Hentz v. McCarran*, 48 F.3d 529 at *2, 1995 WL 84057 (5th Cir. 1995) (citing *Walker v. Bates*, 23 F.3d 652, 656 (2nd Cir. 1994) (prison disciplinary hearings rely heavily on hearsay evidence)); *Smith v. Rabalais*, 659 F.2d 539, 546 (5th Cir. 1980) (officer was permitted to offer the hearsay testimony of a prison informer). Here, the inculpatory statements of Officer Eason, although stated to Assistant Warden Sloan, were not merely a generalized accusatory statement of petitioner's involvement. Rather, it was a specific accusation and clearly identified petitioner as the courier of the letters between Eason and inmate Griffith. While a written statement from Officer Eason might have been preferable, such was not required and Assistant Warden Sloan's testimony was sufficient. Moreover, it was not necessary to further corroborate Eason's version of the events in order to find the accusation credible. Reliability determination, such as is often needed in cases relying upon confidential informants, is not as necessary when the accuser is identified. Even if indicia of reliability were required, petitioner has offered no reason why Officer Eason's testimony would not meet such a standard. The accusation by Officer Eason appears to have been made while giving a statement against interest and has not been discredited in any manner.

The standard of proof required in a prison disciplinary proceeding is much lower than that demanded in other proceedings. While it might be argued that this case may be on the "outer contours of the prison discipline due process rule," the statement by Officer Eason, as well as the testimony of the Assistant Warden at the hearing as to the officer's statement, was "some evidence" to support the Disciplinary Hearing Officer's finding of guilt. This Court is not to engage in a sufficiency of the evidence analysis in a prison disciplinary proceeding as due process requires only "some evidence" in the record to support the disciplinary decision. *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). Consequently, the hearing officer's finding of guilt, which required only the support of *some facts, or any evidence at all*, must be upheld.

Petitioner did not, and has not, submitted any evidence to demonstrate the disciplinary charges brought against him were false, asserting instead only his own self-serving statement that he did not commit the acts of which he was accused. It is well settled that the credibility of witnesses and of the evidence presented is left to the discretion of the hearing officer. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). This court is not free to substitute its judgment of the credibility of the assistant warden or Officer Eason for that of the hearing officer. The hearing officer accepted the statements of Officer Eason to Assistant Warden Sloan based on a determination, whether implicit or explicit, that both were credible. This court must defer to the hearing officer's acceptance of the officer's statements and the Assistant Warden's testimony. Petitioner has presented no allegation that the hearing officer's credibility determination was not supportable or was an abuse of discretion other than the fact that the officer is now an ex-employee. The officer's employment status, however, in and of itself, was not a controlling factor. The guilty finding is not subject to being overturned on the basis that there was, or may have been,

contradictory evidence (petitioner's statement of innocence) before the hearing officer. Petitioner's claims must be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAMES LEE WILLIS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of August, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States

District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).